# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAMMY L. BALDWIN,

                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

Case No. 17-CV-814-JPS

**ORDER**

Plaintiff filed a complaint in this matter and a motion for leave to proceed without prepayment of the filing fee. (Docket #1 and #2). The Court may grant Plaintiff's motion to proceed without prepayment of the filing fee if it determines that: (1) Plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) Plaintiff's action is neither frivolous nor malicious. 28 U.S.C. § 1915(a) and (e)(2).

As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff does not satisfy that definition in this case. In her motion for leave to proceed *in forma pauperis*, Plaintiff made statements about her income and expenses under oath. (Docket #2). Plaintiff states that she has no income *or* expenses of any kind. *Id.* In the "other circumstances" portion of the form motion, Plaintiff states:

> I'm just trying to live [and] clear my bills since I became ill[.] [I] have nothing[.] [I] lost my job[,] my house[,] and my rights. [I]'m lost[.].

*Id.* at 4.

This explanation offers no guidance on Plaintiff's income or expenses. Without any information on those issues, the Court cannot fairly conclude that Plaintiff is indigent for the purpose of Section 1915(a). While the Court acknowledges that it may be difficult for Plaintiff to pay the filing fee, it is not clear that Plaintiff would be unable "to provide [her]self…with the necessities of life," if required to pay the filing fee, and so the Court cannot find her indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Plaintiff's motion to proceed *in forma pauperis* must be denied.

More importantly, however, Plaintiff's complaint fails to state a valid claim for relief. Plaintiff does not identify the dates upon which she received any adverse decisions from one of Defendant's administrative law judges or the Appeals Council. (Docket #1 at 3). Neither decision, if they exist, are attached to the complaint. Plaintiff's statement of additional facts implies that she has not, in fact, applied for benefits with the Social Security Administration, but is instead attempting to use this lawsuit as an application. *Id.* Without a challenge to an adverse decision by Defendant, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Nevertheless, because it is not clear whether Plaintiff actually went through the claims administration process with Defendant, it will not dismiss the case outright at this time. *See* 28 U.S.C. § 1915(e)(2). To continue with this action, Plaintiff must submit the following within fourteen days of this Order: 1) the full $400.00 filing fee, and 2) an amended complaint identifying the decision by Defendant which Plaintiff seeks to challenge, and a brief explanation of why Plaintiff believes the decision was in error.

Failure to complete both of these tasks within the allotted time will result in dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, Plaintiff shall: 1) pay the full $400.00 filing fee, and 2) file an amended complaint in accordance with the instructions in this Order.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge